Filed 7/24/15  P. v. Jones CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEMONTE JONES,<br><br>    Defendant and Appellant. | B259617<br><br>(Los Angeles County<br>Super. Ct. No. MA054769) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Bernie C. LaForteza, Judge.  Affirmed.

Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Lemonte Jones pled no contest to one felony count of causing corporal injury to a spouse or cohabitant in violation of Penal Code section 273.5, subdivision (a). On June 13, 2012, the trial court placed appellant on formal probation for four years on the conditions that he serve 365 days in county jail and participate in a year of domestic violence counseling.

In March 2013, appellant's probation was revoked after he was involved with an altercation with his girlfriend at the time, Shante F. Probation was reinstated on the conditions that appellant complete an alcohol treatment program and stay away from Shante.

In July 2014, appellant pled guilty to one count of misdemeanor driving on a suspended license. The court found this offense was a violation of appellant's probation in this case, but revoked and reinstated probation.

On August 20, 2014, the court preliminarily revoked appellant's probation due to an altercation between appellant and his girlfriend, Constance S. (Constance). On September 30, 2014, following a contested hearing, the trial court found appellant in violation of his probation. The court sentenced appellant to the high term of four years in state prison.

Appellant appeals from the trial court's judgement finding that appellant violated his probation. Finding no error, we affirm.

Facts

On June 13, 2014, Joanne S. (Joanne) received a telephone call from her daughter Constance. Constance said that she could not take appellant's beatings anymore. Constance said that she and appellant had "wrestled" over a watch she had purchased online. Appellant had the watch and she "wrestled" it from him. He then flipped her over his back and "stomped" the back of her head.

Joanne called police, then drove to the residence Constance shared with appellant on 6th Street East. The police did not come to Constance's house, so Joanne drove Constance to Joanne's house at Twinberry Lane. Police and an ambulance eventually

2

came to that location. Joanne confirmed that Constance and appellant continued their relationship after the incident.

Los Angeles County Sheriff's Deputy Yesenia De La Cruz responded to the call on Twinberry Lane in Lancaster. Deputy De La Cruz saw Constance in the back of an ambulance. Constance had visible facial injuries. Constance told the deputy that she had been in an argument earlier in the day with appellant at a residence on 6th Street East. He grabbed her watch, she jumped on his back and he threw her over his shoulder onto the ground. He kicked and "stomped" her in the back of her head. A friend pulled appellant off Constance.

At the probation violation hearing, Constance gave a different account of the events of June 13. She testified that her injuries were sustained when she was jumped by two girls over a watch. The incident occurred in a park. Constance stated she called Joanne from the park, and Joanne came and picked her up. They went to Joanne's house, where Joanne called police and an ambulance. Constance said that she had no memory of speaking with Deputy De La Cruz. Constance denied having an argument with appellant. She denied telling Joanne that she was afraid appellant was going to hit her and that she put her arms up to protect her head.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On April 7, 2015, we sent a notice to appellant, advising him he had 30 days in which to personally submit any contentions or issues which he wished us to consider. No response has been received from appellant to date.

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

3

Disposition

The trial court's judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIRSCHNER, J.[*]

We concur:


TURNER, P.J.


KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.